972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Steven L. DAMERVILLE, Appellant.
UNITED STATES of AMERICA, Appellee,
v.
Gerald James BOROWIAK, Appellant.
 Nos. 92-1001, 92-1002.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 10, 1992.
Filed: July 9, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Steven Damerville pleaded guilty to one count of possessing methamphetamine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). He was sentenced to ten years' imprisonment. He appeals, claiming that his motion to suppress evidence seized at the time of his arrest should have been granted. Gerald James Borowiak pleaded guilty to aiding and abetting the possession of methamphetamine with intent to distribute, in violation of the same provisions and 18 U.S.C. § 2. He was also sentenced to ten years in prison. He appeals, claiming that the downward departure granted by the District Court in his case was based in part upon an illegal factor, thus necessitating a remand for resentencing without the illegal factor's being considered. We affirm in both cases.
 
 
 2
 The Report and Recommendation of the Magistrate Judge[1] clearly and fully set out the facts and circumstances of Damerville's arrest. Among other things, Damerville agreed that an agent could look in his bag for drugs, and this agreement took place before Damerville was arrested. In addition, the agent stated that permission to look in the bag could be refused, in response to a question from Damerville's brother. The actual search did not take place until both Damerville and his brother had been arrested, and Damerville claims that the search was tainted because there was no probable cause for the arrest. We disagree. In the first place, consent was freely given before the arrest. What happened thereafter is legally irrelevant. In the second place, there was probable cause, for reasons given in the Magistrate's Report and Recommendation. No purpose would be served by repeating the facts of the case in detail. The findings of fact are not clearly erroneous, and it was not error for the District Court[2] to adopt the Report and Recommendation.
 
 
 3
 Because of his three prior drug convictions, Borowiak was subject to a mandatory life sentence. The government, however, filed a motion to depart downward under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. This motion was granted, and Borowiak received a sentence of 10 years. He argues that in fixing the extent of the downward departure, the District Court considered his criminal history, and that this was erroneous as a matter of law. Again, we are unable to agree. The relevant Guideline, § 5K1.1(a), lists various factors, all of them, as Borowiak argues, related in some way or another to the nature and extent of the defendant's assistance. The Guideline also states, however, that the list of relevant considerations is not exhaustive. We see nothing unlawful in the fact that the Court, when announcing the extent of departure, considered the nature and circumstances of Borowiak's offense, his three prior drug convictions, and the need for deterrence. The Court concluded, after considering the degree of Borowiak's cooperation and the other facts mentioned, that a sentence of ten years would be sufficient to deter him personally. No doubt there are considerations that would be out of bounds in this context. A court could not, for example, give a greater or lesser departure on account of a defendant's race or religion. Here, however, the Court did nothing more than consider the starting point from which departure would be measured-the point determined by the nature of the offense and the criminal history of the defendant. The departure granted was substantial, even generous. We hold that no error of law was committed.
 
 
 4
 Affirmed.
 
 
 
 [1]
 The Hon. John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri
 
 
 [2]
 The Hon. Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri